IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| VALOREM CONSULTING GROUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-1209-CV-W-ODS |
| ) | |
| UNITED STATES CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

Pending is Defendants' Motion to Dismiss. The Court concludes one of Plaintiff's claims may survive Defendants' motion. Accordingly, the motion (Doc. # 16) is denied but the case is limited to Plaintiff's challenge to the duration of the H-1B visa issued on Amit Olkar's behalf.

## I. BACKGROUND

The Amended Complaint and the Record[1] establish the following facts: Plaintiff is a business headquartered in Kansas City, Missouri that is "engaged in Business and Information Technology Solutions." Amended Complaint, ¶ 6. Amit Olkar is a citizen of India. Olkar has been in the United States since August 2007, at which time he was a

---

[1] Standing is a jurisdictional requirement. E.g., Kennedy v. Ferguson, 679 F.3d 998, 1001 (8th Cir. 2012). Mootness is also a jurisdictional doctrine. E.g., Life Investors Ins. Co. of Am. v. Federal City Region, Inc., 687 F.3d 1117, 1121 (8th Cir. 2012). A motion to dismiss for lack of jurisdiction is governed by Rule 12(b)(1), so the Court is permitted to consider materials outside the Amended Complaint without converting the motion to one seeking summary judgment. See Harris v. P.A.M. Transport, Inc., 339 F.3d 635, 637 (8th Cir. 2003); Fed. R. Civ. P. 12(d).
    The Court's discussion also addresses whether Plaintiff has stated a claim. Under Rule 12(b)(6), the Court may still consider the administrative decisions at issue because they are necessarily embraced by the Amended Complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003).

student at the University of Alabama and was in this country lawfully as a student with an F1 visa. He graduated in December 2009 with a Master's Degree in electrical engineering and thereafter was employed by various companies and lawfully remained in the United States while on H-1B status (which is an employment-based, temporary, non-immigrant visa).

A non-citizen's visa is issued by United States Citizenship and Immigration Services ("USCIS"), which operates within the Department of Homeland Security. Lori Scialabba is the Acting Director of USCIS[2] and Jeh Johnson is the Secretary of Homeland Security.

In May 2013, Plaintiff filed a petition for an H-1B visa on Olkar's behalf. The Immigration and Naturalization Act ("INA") does not specify the duration of an H-1B visa, see 8 U.S.C. § 1184(g)(4), and Plaintiff's application sought issuance of an H-1B visa that would be valid until May 19, 2016. In September 2013, USCIS issued a Request for Additional Evidence ("RFE") seeking additional information about the employer/employee relationship between Plaintiff and Olkar. Plaintiff responded in early October. On November 20, USCIS denied the H-1B visa petition. The denial characterized[3] Plaintiff as being "in the business of locating persons with computer related backgrounds and placing these individuals in positions with firms that use computer trained personnel to complete their projects," and described Plaintiff as indicating Olkar's eventual duties would involve working for Microsoft. According to the denial letter, (1) the information and documents provided by Plaintiff did not establish Olkar's duties with sufficient particularity, (2) "the statement of work with YRC Enterprise Services, Inc." (apparently, a prior employer) lacked Plaintiff's signature and failed to sufficiently describe his duties or the skills required for that job, and (3) "the statement of work from Microsoft did not include" Plaintiff's or Microsoft's signatures and failed to sufficiently describe the job or the skills required. The denial continued by explaining

---

[2]Scialabba became the Acting Director in December 2013; she is substituted as a defendant in place of Alejandro Mayorkis pursuant to Rule 25(d).

[3]Plaintiff disputes the denial's characterization of its business and its plans for Olkar's employment. As will be discussed, the Court cannot review the denial because it is not the agency's final action on the matter. The Court describes the denial for purposes of background only and expresses no opinion on its accuracy.

that as Plaintiff was locating employees for others and was not the actual employer, the statements from the applicant's actual and ultimate employer was more relevant and more important in ascertaining Olkar's eligibility for an H-1B visa. Defendants' Exhibit E.

Plaintiff initiated this suit in December 2013, invoking the Administrative Procedures Act ("APA") to seek judicial review of USCIS's denial of an H-1B visa to Olkar. On February 5, 2014, USCIS reversed its decision and approved the visa, but the visa is valid only until February 4, 2015. Plaintiff then filed an Amended Complaint, challenging the decision to grant a visa only until February 2015 and not for the three years originally requested. The Amended Complaint also alleges the initial denial contains accusations of fraud. For relief Plaintiff seeks (1) a declaration that the initial denial was arbitrary and capricious, (2) a declaration that the subsequent granting of a visa for only one year was arbitrary and capricious, (3) an order directing that USCIS issue Olkar a visa that will expire in May 2016, and (4) a declaration that there was no basis for USCIS's accusation that Plaintiff engaged in fraud. The Amended Complaint does not seek monetary relief (other than attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA")).

## I. DISCUSSION

Defendants start by contending Plaintiff lacks standing to pursue its claims. Plaintiff's responses inevitably lead to consideration of the legal viability of its claims. The Court starts its discussion with Defendants' jurisdictional challenge.

### A.

A plaintiff must have standing to assert its claims; otherwise the Court lacks jurisdiction. Plaintiff bears the burden of demonstrating that standing exists. E.g., Center for Special Needs Trust Admin., Inc. v. Olsen, 676 F.3d 688, 697 (8th Cir. 2012). The minimum requirements for standing are "an injury in fact, meaning the actual or imminent invasion of a concrete and particularized legal interest; a causal connection

between the alleged injury and the challenged action of defendant; and a likelihood that the injury will be redressed by a favorable decision of the court." Sierra Club v. Kimbell, 623 F.3d 549, 556 (8th Cir. 2010). Defendants contend Plaintiff has not suffered an injury because the H-1B petition was approved. Defendants further contend Plaintiff cannot demonstrate that the denial of future H-1B applications is actual or imminent. In countering this argument, Plaintiff first argues that it was injured by being deprived of the opportunity to employ Olkar. Even if this is a legally cognizable injury (an issue the Court need not address) it is not one that Plaintiff is suffering because Plaintiff is presently able to employ Olkar. Regardless of whether one views this as a matter of standing (because Plaintiff can employ Olkar) or an issue of mootness, this theory will not support jurisdiction.

Plaintiff expands this argument by contending it had to "shift work and duties" while it was unable to employ Olkar. This injury (if it is one) will not support standing because it is not redressable. The Court cannot go back in time and relieve Plaintiff of this burden, and Plaintiff does not seek (and the Court likely cannot award) monetary compensation for the time Plaintiff was unable to employ Olkar.

Plaintiff also argues it was injured by having to file this lawsuit and incur legal fees before USCIS changed its decision. This argument also fails to bestow Plaintiff with standing. Even if Plaintiff's fees are recoverable under EAJA, Plaintiff is entitled to those fees only if it prevails – and to prevail, Plaintiff must first have standing. "Obviously . . . a plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit. The litigation must give the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself. 'An interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.'" Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 107 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 480 (1990)).[4]

---

[4]The Court also notes that to recover fees under EAJA, Plaintiff must actually prevail on a claim. To prevail, it must obtain relief from the Court; demonstrating this lawsuit motivated Defendants to change their decision will not make Plaintiff a prevailing party. E.g., Castaneda-Castillo v. Holder, 723 F.3d 48, 57 (1st Cir. 2013) (citing

4

B.

Plaintiff's final two arguments present the only possible bases for standing. The Court accepts these are legally cognizable injuries (at least for the sake of argument), but also concludes one of them fails to state a claim for which relief can be granted.

*1.*

Plaintiff first contends that the initial denial accused it of committing fraud. For the sake of argument the Court will accept that an accusation of fraud constitutes an injury; the problem is that the original decision contains no formal declaration or finding that Plaintiff committed fraud. There is not even an intimation or suggestion that Plaintiff committed fraud. And, perhaps most importantly, the original denial does not represent the agency's final decision.

The APA permits judicial review of final agency actions and does not permit review of preliminary or intermediate decisions. E.g., In re Sac & Fox Tribe of the Mississippi in Iowa, 340 F.3d 749, 756 (8th Cir. 2003) (discussing 5 U.S.C. § 704). Plaintiff does not suggest the final decision granting Olkhar's application accuses it of fraud and the Court has no authority to review the original denial.

The original denial also did not find Plaintiff committed fraud. Plaintiff contends the original decision "alleg[ed] the company was committing fraud by creating a separate account and outsourcing Mr. Olkar instead of actually hiring him as an employee, despite clear and convincing evidence that Mr. Olkar was and is a W-2 employee." Plaintiff's Suggestions in Opposition (Doc. # 23) at 8; see also Amended Complaint, ¶ 30. The preliminary denial described Plaintiff as outsourcing Olkar's services, but there is no contention that this was fraudulent. In fact, Plaintiff does not point to any "finding of fraud" and the Court's cursory review of Defendants' Exhibit E failed to identify any such accusation or finding. Defendants' preliminary

---

Buckhannon Bd. and Care Home, Inc. v. West Va. Dep't of Health & Human Services, 432 U.S. 598 (2001)).

5

mischaracterization or misunderstanding of Plaintiff's business operations or Plaintiff's relationship to Olkar does not constitute a finding or accusation of fraud.

Plaintiff provides hints that this mischaracterization or misunderstanding was carried through to the ultimate granting of Olkar's visa and played a part in USCIS's decision to grant a visa for only one year. Plaintiff's Suggestions in Opposition (Doc. # 23) at 8. The Court does not know if this is true (although the information the Court directs Defendants to provide in the next section should answer this question). However, if it *is* true, the most the Court can do is review the final decision. Regardless, a mere misunderstanding or mischaracterization is not tantamount to an accusation of fraud and thus is not an injury in and of itself, and the Court cannot review the original denial when it was not the agency's final decision.

2.

Next, Plaintiff argues that it is injured by USCIS's issuance of a visa valid only until February 2015 instead of one valid until May 2016 as it originally sought. This will necessitate renewal of Olkar's H-1B visa before it expires, which will require Plaintiff to expend money and other resources that it would not have had to expend if USCIS had made the visa valid until May 2016. The Court concludes these facts satisfy the injury requirement in two ways.

First, Plaintiff did not simply seek a visa; it sought a visa that would be valid for three years. Plaintiff did not get what it sought, and in being denied what it sought Plaintiff has been injured. Defendants define what Plaintiff sought too broadly, contending Plaintiff is not injured because a visa was issued. However, it is not the visa Plaintiff's sought.

Alternatively, Plaintiff's need and plan to renew Olkar's visa after one year instead of three years is an injury. The Court rejects Defendants' efforts to distinguish between "imminent harm" and "future harm." In reality, the question is not whether the harm is "imminent" or "future," but the degree of certainty as to its existence. Standing requires either an actual injury *or* an impending/imminent injury: Plaintiff has demonstrated the latter by establishing that it will seek to renew Olkar's visa, <u>e.g.</u>,

Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2343-44 (2014); Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 182-83 (2000), and there is no denying that Plaintiff will have to expend money and resources for a renewal process that it would not have had to expend had the visa been granted to May 2018.

This leads to Defendants' alternative argument, which is that the duration of an H-1B visa is not subject to judicial review. The APA excepts from judicial review "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). This is not a jurisdictional issue; "[w]hen a plaintiff complains about an action that is committed to agency discretion by law, it does not mean that a court lacks subject matter jurisdiction over the claim." Ochoa v. Holder, 604 F.3d 546, 549 (8th Cir. 2010). The Court can dismiss such a claim pursuant to Rule 12(b)(6), but the Court is presently unable to conclude that the decision is unreviewable.

The exception to judicial review Defendants invoke has been described as "very narrow" and "rare." E.g., Tamenut v. Mukasey, 521 F.3d 1000, 1003 (8th Cir. 2008) (en banc). "The Supreme Court typically has held that actions are committed to agency discretion where it is not possible to devise an adequate standard of review for an agency action, such as where the relevant statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." Ngure v. Ashcroft, 367 F.3d 975, 982 (8th Cir. 2004) (citations and quotations omitted); see also Heckler v. Chaney, 370 U.S. 821, 830 (1985). The agency can also provide standards, either formally through a regulation or informally through the promulgation of policy manuals, policy statements, or the like. E.g., INS v. Yueh-Shaio Yang, 519 U.S. 26, 31-32 (1996); GoJet Airlines, LLC v. Federal Aviation Admin., 743 F.3d 1168, 1173 (8th Cir. 2014); South Dakota v. Ubbelohde, 330 F.3d 1014, 1028 (8th Cir. 2003). In deciding whether section 701(a)(2) bars judicial review, the Court must also consider the nature of the decision and the statutory scheme as a whole. E.g., Friends of the Norbeck v. United States Forest Serv., 661 F.3d 969, 975 (8th Cir. 2011), cert. denied, 132 S. Ct. 1973 (2012); Tamenut, 521 F.3d at 1003-04.

Defendants focus exclusively (and solely) on the fact that section 1184(g)(4) decrees that an H-1B visa can be valid for no more than six years but does not decree a

7

minimum duration. From this, Defendants urge the Court to conclude USCIS has unfettered (and unreviewable) discretion to pick any duration equal to or less than six years. This is a rather perfunctory analysis, and the authorities cited above demand more. In this case, the nature of the decision is not like those that are typically committed to agency discretion. Examples of such decisions include: the Bureau of Immigration Appeals' ("BIA's") decision to reopen proceedings, Tamenut, 521 F.3d at 1004, an agency's decision to commence (or not commence) a civil enforcement action, e.g., GoJet Airlines, 743 F.3d at 1173, the BIA's decision to issue a decision regarding asylum without a written opinion, Ngure v. Ashcroft, 367 F.3d 975, 981-83 (8th Cir. 2004), and the allocation of funds from a lump-sum appropriation. Lincoln v. Vigil, 508 U.S. 182, 192 (1993). The decision at issue – how long Olkar's visa should be valid – is not the type of decision that is traditionally regarded as purely discretionary. Congress did not specifically decree that the decision is committed to the agency's absolute discretion. Defendants do not suggest any particular agency expertise that bears on the matter. Cf. Lincoln, 508 U.S. at 193. On the other hand, Defendants' argument that it has unfettered and unreviewable discretion seems contrary to the general principle that agency decisions are unreviewable. Otherwise, what would prevent USCIS from deciding the visa is valid for only a month? A week? Even a day? Undoubtedly, Defendants would contend USCIS would not do this – but then, under their view of the law nothing stops it from doing so. The decision is of a type that should be reviewable to insure the agency does not act arbitrarily or capriciously.

Having determined the decision to be reviewed is not the sort that would normally be left to an agency's unreviewable discretion, the Court examines the statutory and regulatory scheme as a whole – and not just section 1184(g)(4). An applicant for an H-1B visa must first submit a labor condition application ("LCA") to the Department of Labor ("DOL"). 8 U.S.C. § 1182(n). The LCA requires the employer to certify a variety of matters, including the duration of the visa-recipient's employment. E.g., 20 C.F.R. § 655.730(c)(4)(iv). The DOL certifies the LCA is complete, and the certification and LCA are both submitted to USCIS for the actual processing of the visa application. 20 C.F.R. §§ 655.700, 655.705(b). The visa "shall be valid for a period of up to three years but may not exceed the validity period of the labor condition application." 8 C.F.R. §

214.2(h)(9)(iii)(A)(*1*). The structure of the statutes and the regulatory scheme strongly suggest that an H-1B is designed to allow a specific employee to perform a specific role for a specific period of time (up to three years). The scheme thus provides a standard for ascertaining the visa's duration.

Plaintiff suggests USCIS's practice is that when an H-1B visa is granted it is granted for the duration specified in the LCA. Defendants contend Plaintiff has no proof – but the Court is now considering a request to dismiss pursuant to Rule 12(b)(6) and there is no need for Plaintiff to present evidence at this early juncture, so the lack of evidence cannot be deemed fatal.[5] On the other hand, the Court believes it unlikely that there are no standards, guides, or practices applicable to this issue and that USCIS determines a random amount of time for the validity of each H-1B visa. And, if there are standards, guides or practices, those might provide a basis for the Court to ascertain whether Defendants abused their discretion or acted arbitrarily or capriciously. The absence of such standards, guides or practices would also be telling: USCIS's determination of a visa's duration on a whim without any basis or justification could be a textbook example of an arbitrary and capricious decision. At present, the Court cannot presently conclude that Plaintiff's claim lacks a legal basis, so it cannot be dismissed at the present time.

The Court is mindful that Olkhar's visa expires in February 2015, and if the expiration date is unchanged Plaintiff will soon be required to initiate the renewal process. Therefore, the Court prefers to resolve this issue sooner rather than later. Fortunately, the Court believes the ultimate resolution can be streamlined by requiring Defendants to answer the following questions:

1. How is the length of an H-1B visa determined? In answering this question, Defendants should provide supporting documentation, including copies of any policies, manuals, directives, or guides, regardless of whether they are formal or informal. If no such documentation exists, Defendants should so indicate.
2. Why was Olkar's visa granted for only one year? In answering this question, Defendants should provide all documentation that may exist, including any

---

[5]Interestingly, Defendants do not deny Plaintiff's claim regarding USCIS's practices or policies; they just argue there is no regulation requiring it.

correspondence, rulings, or formal determinations. If no such documentation exists, Defendants should so indicate.

Defendants shall file its response to these questions on or before August 18, 2014. Defendants shall provide the supporting materials described to both the Court and Plaintiff.

### III. CONCLUSION

Defendants' Motion to Dismiss is denied with respect to Plaintiff's challenge to the duration of Amit Olkar's H-1B visa. The motion is granted in all other respects. Defendants shall respond as directed on page 9 of this Order on or before August 18, 2014.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 18, 2014   UNITED STATES DISTRICT COURT