IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| VALOREM CONSULTING GROUP, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 13-1209-CV-W-ODS |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, LEON RODRIGUEZ,[1] Director, USCIS, and JEH JOHNSON, Secretary of Homeland Security, | ) |
| Defendants. | ) |

ORDER AND OPINION (1) GRANTING DEFENDANTS' MOTION TO DISMISS AND (2) DENYING PLAINTIFF'S MOTION TO DISMISS

Pending are cross motions for summary judgment. For the following reasons, Defendants' motion (Doc. # 27) is granted and Plaintiff's motion (Doc. # 33) is denied.

I. BACKGROUND

This case involves an H-1B visa granted by the United States Citizenship and Immigration Services ("USCIS"). The visa was requested by Plaintiff on behalf of a non-immigrant by the name of Amit Olkar. The specific issue to be reviewed is USCIS's decision to issue a visa that was valid for one year instead of the three years requested. The issues in this case are best understood if the Court begins by setting forth the legal framework from which they arise.

The Immigration and Nationality Act ("INA") provides that a visa may be granted to a non-immigrant alien "who is coming temporarily to the United States to perform services . . . . in a specialty occupation . . . who meets the requirements for the occupation" and for whom the "intending employer has filed . . . an application." 8

---

[1] Leon Rodriguez is substituted as a Defendant in the place of Lori Scialabba pursuant to Rule 25(d).

U.S.C. § 1101(a)(15)(H)(i)(b).  There is no dispute that Plaintiff filed an application, that Olkar was to work in a specialty occupation, or that Olkar was qualified to perform services in that specialty occupation.  The issue, as stated earlier, is the length of the visa to be granted.

The only statutory guidance establishes that the H-1B visa may not exceed six years.  8 U.S.C. § 1184(g)(4).  By regulation, an H-1B visa "shall be valid for a period of up to three years but may not exceed the validity period of the labor condition application."  8 C.F.R. § 214.2(h)(9)(iii).  Given the connection between the visa and employment in specialty occupation, and given that the H1-B application must be made by the employer, USCIS evaluates the length of time the alien is going to work in that specialty occupation for that employer.  If the application and supporting materials demonstrate that the employer/applicant is likely to employ the alien for more than three years, or that the employment is open-ended without an anticipated termination date, then the visa generally will be granted for the three years permitted by the regulation.  The employer can then seek to renew the visa by demonstrating the alien continues to be employed in a specialty occupation.  However, if the application and supporting materials indicate that the employment is for less than three years, the visa generally will be granted for the period of time the alien is going to work in a specialty occupation.  Fierro Declaration, ¶¶ 6-7, 9, 11; see also generally Neufeld Memorandum (describing procedures when the employer/applicant places its employees at the sites of third-parties).  This approach and focus are consistent with the aforementioned statutes and regulations (and the entire scheme surrounding H-1B visas) which allow the visa only to the extent the alien is performing work in a specialty occupation.

With that background in place, the Court turns now to Plaintiff's application and the Certified Administrative Record ("CAR") developed by USCIS.[2]  Plaintiff filed its

---

[2]The Court is reviewing an agency's final decision, so its review is limited to the materials presented by Plaintiff to USCIS in support of Olkar's application.  This means the Court cannot consider much of the information contained in Justin Jackson's Declaration, wherein Jackson attempts to add factual information to the CAR in order to further (or better) justify a three-year visa.  In contrast, the Court can (and will) consider Joseph Fierro's Declaration because it does not add information to the CAR; instead, it provides the information required by the Court's July 18, 2014 Order and explains the agency's processes and actions.  Cf. Camp v. Pitts, 411 U.S. 138, 142-43 (1973);

2

application for Olkar's H-1B visa ("Form I-129") and supporting documentation in May 2013. The Form I-129 indicated Olkar's employment would end on May 19, 2016. CAR at 10. In September 2013, USCIS requested additional information, including copies of contracts between Plaintiff and Olkar, copies of contracts and information about the work to be done for "ultimate end-client companies" for whom Olkar would be providing services, and descriptions of the services Olkar would be providing to those companies. CAR at 25-27. Plaintiff supplied the requested information along with an explanatory letter ("Letter") stating that Plaintiff "is a consulting company" that "offers a broad range of professional services" to its clients. CAR at 29. The Letter indicates Olkar's employment contract is attached as Exhibit B, CAR at 29, and the Employment Contract in turn states that Olkar will "serve in the capacity set forth in Exhibit A attached hereto" – but Exhibit A to the Employment Contract is not in the Record and nothing else in the Employment Contract describes Olkar's duties. CAR at 37-41. The Letter also says that Exhibit C is a copy of the employment offer made to Olkar and that it "clearly describes the nature of the employer-employee relationship and the services to be performed by" Olkar. CAR at 30. However, Exhibit C only states that Olker is being offered "employment with Valorem Consulting" and says nothing about his duties. CAR at 43-44. The Letter describes Exhibit E as also constituting "a copy of the job description," and further explains that Plaintiff is a consulting business that "offers a broad range of professional services" to its clients. CAR at 31-32. The Exhibit E referenced by the Letter also generally describes Olkar's position as performing consulting services that vary depending on the client's needs. CAR at 76-79. The

---

Madison County Bldg & Loan Ass'n v. Federal Home Loan Bank Bd., 622 F.2d 393, 396 (8th Cir. 1980). Having asked for this information, the Court is not inclined to ignore it to the extent that it responds to the Court's request by explaining generally how USCIS evaluates H-1B applications and sheds light on the decisionmaking process in this case. This approach is particularly appropriate given that USCIS does not issue a written explanation when an H-1B application is granted (even if granted only partially), and an agency is not required to issue a written explanation of its decision. E.g., Madison County, 622 F.2d at 396 (discussing Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 417 (1971)). However, the Court has not considered anything else from Fierro's Declaration (such as his assertion that USCIS's decision "was not arbitrary and capricious").

Letter also provides information documenting Olkar's work for two of Plaintiff's clients (YRC Enterprise Services and Microsoft). CAR at 46-75.

USCIS denied the H-1B application; its November 2013 written response expressed USCIS's uncertainty as to the precise nature of Olkar's work and whether that work constituted a "specialty occupation." CAR at 20-24. USCIS explained that Plaintiff was

> in the business of locating persons with computer related backgrounds and placing these individuals in positions with firms that pay a fee to [Plaintiff] for each worker hired to complete their projects. [Plaintiff] then pay[s] the worker, in this case the alien, directly from an account under [Plaintiff's] name. However, the firm needing the computer related positions will determine the job duties to be performed.

CAR at 22. USCIS went on to explain that the entity actually using Olkar's services had to describe those services (and the duration of those services) in order to evaluate the application, and while Plaintiff had supplied some documentation indicating Olkar had provided services to YRC Enterprise Services and Microsoft, the information provided so far was insufficient. CAR at 22-23. USCIS's concern was that at some point Plaintiff could assign Olkar to work for a client on project that no longer qualified as a "specialty occupation." This concern was best expressed in the following passage from the rejection notice:

> While [Olkar] may in fact be tasked to work on a project according to the provided evidence, the very nature of your consulting business indicates that eventually, [Olkar] would be outsourced to client sites to implement the specific project and/or assist clients with other technical issues. Absent additional work orders or agreements with end-clients, the claimed in-house work, which pertains to only one project, cannot be deemed representative of [Olkar's] entire schedule while in the United States. At best it serves as a representative sample of a project upon which [Olkar] will work until clients demand additional consulting services.

CAR at 23.

Plaintiff initiated this suit in December 2013. On February 5, 2014 – while the case was pending – USCIS reversed its decision and granted Olkar an H-1B visa. However, instead of the requested duration of three years, the visa expires on February

4, 2015. On July 18, 2014 the Court dismissed all of Plaintiff's claims except the challenge to USCIS's decision to issue a visa valid for one year instead of three years.

## II. DISCUSSION

Under the Administrative Procedures Act, the Court can set aside USCIS's final decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Both sides cite the same authority for the proposition that the "scope of review . . . is narrow and a court is not to substitute its judgment for that of the agency. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Motor Vehicle Mfrs. Ass'n, Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) (quotation omitted). The lack of a contemporaneously-written reason for the decision to award a visa for only one year does not justify de novo judicial review of that decision; instead, the Court must "obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary." Camp, 411 U.S. at 143. The Court can also "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." Motor Vehicle Mfrs., 463 U.S. at 43 (quotation omitted).

A variety of factors combine to confirm that USCIS's primary concern is the extent to which Plaintiff established Olkar would be working in a specialty occupation *and* how long he would be doing so. The statutes and regulations establish that this is of paramount concern. The information sought in September 2013 specifically raised these issues. The November 2013 written denial focused on these concerns. And, ultimately, the information Plaintiff provided to USCIS does not establish the nature of Olkar's employment after June 30, 2014. This justifies USCIS's decision not to grant an H-1B visa extending to May 2016.

Plaintiff insists that Olkar was not "employed by" Plaintiff's clients, but rather was employed by Plaintiff. It is true that Plaintiff decides which clients Olkar will work for, and that Plaintiff pays Olkar's salary. However, the CAR supports the USCIS's

5

Case 4:13-cv-01209-ODS   Document 38   Filed 01/15/15   Page 5 of 7

conclusion that Olkar's duties for Plaintiff involved working on various projects for Plaintiff's clients. Olkar was not performing work "for Plaintiff" such that Plaintiff could represent what Olkar would be doing on a regular and recurring basis. In a similar situation, the Fifth Circuit observed that it is incorrect to unduly focus on the entity that pays the alien's wages because even if that entity is an employer, the employer's client is also an employer, "and a more relevant employer at that" because the employer's client dictates the work that is needed. Defensor v. Meissner, 201 F.3d 384, 388 (5th Cir. 2000).

Plaintiff also argues Defendants improperly relied on the Neufeld Memorandum because that document describes a procedure to be applied in a variety of circumstances where the applicant is either placing the employee permanently with a third-party for employment or otherwise arranging for off-site work. However, Defendants did not simply apply the Neufeld Memorandum. Its relevance to this case is twofold. First, it helps substantiate that USCIS's procedures call for ascertaining the nature and length of the alien's employment so that it can (1) confirm the employment is a specialty occupation and (2) ascertain the visa's appropriate duration. Second, the Neufeld Memorandum provides an analytical framework for employers/applicants whose employees are not performing work for the employer. Here, Olkar was not performing work on Plaintiff's computers, providing consulting to Plaintiff, or generating solutions for Plaintiff's work-related problems. He was performing these tasks for Plaintiff's clients – and these tasks varied in nature and duration, making it difficult for USCIS to confirm that Olkar was entitled to an H-1B visa and, if so, for how long. Given the CAR actually created, Defendants' decision was not arbitrary and capricious.[3]

---

[3]Plaintiff is free to seek a renewal of Olkar's H1-B visa, which would necessitate proof that Olkar will be working in a specialty occupation after February 4, 2014. Presumably, if that proof sufficiently demonstrates Olkar will be working in a specialty occupation for more than one year, the visa will be granted for more than one year.

6

## III. CONCLUSION

Given the evidence in the Record, the decision to award an H-1B visa lasting for only one year was not arbitrary and capricious. Plaintiff's Motion for Summary Judgment is denied, and Defendants' Motion for Summary Judgment is granted.

IT IS SO ORDERED.

DATE: January 15, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT